JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
ALISON C. FINNEGAN, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: 202-305-0500; Fax: 202-305-0275
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFICANS FOR A SCENIC COAST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HIGHWAY ADMINISTRATION, et al., <br><br> Defendants. | CASE NO. 3:15-cv-2090-VC <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO SETTLE PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND COSTS** |

Case 3:15-cv-02090-VC   Document 123   Filed 04/14/17   Page 2 of 7

This Stipulation is entered into by and between Plaintiffs Pacificans for a Scenic Coast, Pacificans for Highway 1 Alternatives, and the Center for Biological Diversity ("Plaintiffs") and Defendant United States Fish and Wildlife Service ("FWS").

WHEREAS, this case concerns the proposed widening of Highway 1 through Pacifica, California ("the Project"), for which the California Department of Transportation ("Caltrans") was the lead agency and, per a memorandum of understanding with the Federal Highway Administration, was responsible for ensuring compliance with all applicable federal laws with respect to the Project and for approving the Project on behalf of the federal and state governments;

WHEREAS, the Project action area provides suitable habitat for the California red-legged frog, which is listed as threatened under the Endangered Species Act ("ESA"), and the San Francisco garter snake, which is listed as endangered under the ESA;

WHEREAS, Caltrans submitted a biological assessment to FWS on November 1, 2010, together with a written request to initiate formal consultation pursuant to Section 7 of the ESA;

WHEREAS, on January 26, 2012, FWS issued a biological opinion, which relied on the description of the Project as set forth in Caltrans' biological assessment, and concluded that the action as proposed was not likely to jeopardize the continued existence of the California red-legged frog or San Francisco garter snake;

WHEREAS, FWS's biological opinion was based on the action as proposed in Caltrans' biological assessment;

WHEREAS, Plaintiffs filed their original complaint in this lawsuit on May 8, 2015, and a first amended complaint on June 26, 2015;

WHEREAS, FWS filed a motion to dismiss the first amended complaint on September 11, 2015, which was unopposed by Plaintiffs as to FWS, and was granted;

WHEREAS, Plaintiffs filed a second amended complaint on December 22, 2015;

WHEREAS, Plaintiffs filed a motion for summary judgment on May 5, 2016, and Defendants filed a cross motion for summary judgment and opposition to Plaintiffs' motion for summary judgment on June 2, 2016;

1   3:15-cv-2090-VC
Joint Stipulation re: Attorneys' Fees and Costs

1    WHEREAS, the Court entered an order granting in part and denying in part Plaintiffs'
2 motion for summary judgment on September 2, 2016 (ECF No. 114);
3    WHEREAS, the Court entered Judgment in Plaintiffs' favor on September 2, 2016 (ECF
4 No. 115);
5    WHEREAS, FWS filed an appeal of the Court's September 2, 2016 Order and Judgment
6 on October 28, 2016, and Plaintiffs filed a notice of cross-appeal on November 10, 2016;
7    WHEREAS, FWS and Plaintiffs have agreed to dismiss their respective appeals of the
8 Court's September 2, 2016 Order and Judgment;
9    WHEREAS, the parties stipulated to extend the time for Plaintiffs to file a motion for
10 attorneys' fees and bill of costs until 30 days after the time has expired to file a notice of appeal,
11 or until 30 days after termination of any appeal (ECF No. 116);
12    WHEREAS, Plaintiffs have provided FWS and Caltrans with time records and other
13 information for their claim for attorneys' fees and costs, and counsel for Plaintiffs and FWS have
14 engaged in good faith, confidential settlement communications concerning Plaintiffs' claims for
15 attorneys' fees and costs;
16    WHEREAS, Plaintiffs and FWS have reached an agreement as to an appropriate
17 settlement of Plaintiffs' claims for attorneys' fees and costs and agree that settlement of this
18 issue in this manner is in the public interest and is an appropriate way to resolve Plaintiffs'
19 claims for fees and costs;
20    WHEREAS, Plaintiffs and FWS explicitly acknowledge that Plaintiffs intend to file a
21 motion for attorneys' fees and costs against Caltrans for the claims asserted by Plaintiffs against
22 Caltrans, and Plaintiffs and FWS agree that this Stipulation does not affect any claims Plaintiffs
23 have for attorneys' fees and costs against Caltrans;
24    WHEREAS, Plaintiffs and FWS agree that FWS is not responsible in any way for
25 attorneys' fees and costs attributable to Plaintiffs' claims against Caltrans, and that Plaintiffs will
26 not seek to recover attorneys' fees and costs from the United States other than the amount
27 specifically set forth in this Stipulation; and
28

1   WHEREAS, the parties enter this Stipulation without any admission of fact or law, or
2   waiver of any claims or defenses, factual or legal, except as specified in this Stipulation;
3   NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PLAINTIFFS
4   AND THE UNITED STATES FISH AND WILDLIFE SERVICE AS FOLLOWS:
5   1.   FWS agrees to settle Plaintiffs' claim for attorneys' fees and costs against FWS in
6   this matter, including fees and costs incurred on appeal, for a total of $248,000.00, related to the
7   above-titled litigation against any part of the United States government for all district court
8   (*Pacificans for a Scenic Coast, et al., v. U.S. Fish & Wildlife Service, et al.*, No. 3:15-cv-02090-
9   VC) and appellate proceedings (*Pacificans for a Scenic Coast, et al., v. U.S. Fish & Wildlife
10  Service, et al*, No. 16-16990 and *Pacificans for a Scenic Coast, et al v. U.S. Fish & Wildlife
11  Service, et al.*, No. 16-17081), including for seeking attorneys' fees and costs and any and all
12  settlement negotiations related to the above-titled litigation.  Electronic payment in the
13  settlement amount of $248,000.00 will be made to Plaintiffs by payment to Environmental
14  Advocates' IOLTA trust account.
15  2.   Plaintiffs agree to furnish FWS with the information necessary to effectuate
16  payment pursuant to Paragraph 1, including but not limited to, bank name and address, wire
17  transfer number, ABA number, routing number, account number, name of account, and federal
18  taxpayer identification number, and to hold the United States harmless for any loss caused by
19  following this authorization and direction, if any loss should occur.  FWS agrees to submit all
20  necessary paperwork to the appropriate office within fifteen business days of receipt of the
21  signed Court order approving this Stipulation or the receipt of the information described in this
22  Paragraph, whichever is later.  Counsel for Plaintiffs agree to send confirmation of the receipt of
23  the payment to counsel for FWS within fourteen days of such payment.
24  3.   Plaintiffs agree to accept payment of $248,000.00 in full satisfaction of any and
25  all claims against FWS for attorneys' fees and costs of litigation in this matter against the United
26  States, but not Caltrans.  Plaintiffs agree that receipt of this payment from FWS shall operate as a
27  release of Plaintiffs' claims for attorneys' fees and costs in this matter against the United States,
28  and Plaintiffs shall waive their rights to any further attorneys' fees and costs against FWS in this

1  matter.  Payment of fees and costs pursuant to this paragraph and Paragraph 1 shall constitute
2  payment in full of any fees and costs to which Plaintiffs may be entitled from FWS in this action.
3  Plaintiffs further agree that FWS is not responsible in any way for attorneys' fees and costs
4  attributable to Plaintiffs' claims against Caltrans, nor will Plaintiffs seek to recover attorneys'
5  fees and costs from the United States other than the amount specifically set forth in this
6  Stipulation.
7       4.     Nothing in this Stipulation shall be interpreted as, or shall constitute, a
8  requirement that FWS is obligated to pay any funds exceeding those available, or take any action
9  in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.
10      5.     Plaintiffs and FWS shall within ten (10) days of executing this agreement file in
11 the Ninth Circuit Court of Appeals requests for dismissal of their respective appeals of the
12 Court's September 2, 2016 Order and Judgment.
13      6.     Plaintiffs and FWS agree that this Stipulation was negotiated in good faith and
14 that this Stipulation constitutes a resolution of claims that were denied and disputed by the
15 parties to this Stipulation.  By entering into this Stipulation, neither Plaintiffs nor FWS are
16 waiving any claim or defense.
17      7.     This Stipulation contains the entire agreement between Plaintiffs and FWS, and is
18 intended to be the final and sole agreement between them. Plaintiffs and FWS agree that any
19 prior or contemporaneous representations or understandings not explicitly contained in this
20 written Stipulation, whether written or oral, are of no further legal or equitable force or effect.
21      8.     The undersigned representatives of the parties to this Stipulation certify that they
22 are fully authorized by the party or parties they represent to agree to the terms and conditions of
23 this Stipulation and do hereby agree to the terms herein.
24      9.     In an electronic mail dated April 14, 2017, counsel for Plaintiffs, Christopher
25 Sproul, authorized Alison C. Finnegan, counsel for FWS, to sign this joint stipulation and enter it
26 in the CM/ECF system.
27      IT IS SO STIPULATED.
28 Dated this 14th day of April, 2017.

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief

  /s/ Alison C. Finnegan
ALISON C. FINNEGAN, Trial Attorney
(Pennsylvania Bar No. 88519)
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275
*Attorneys for Defendants*

  /s/ Christopher Sproul       (with permission)
Christopher Sproul (Bar No. 126398)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Tel: (415) 533-3376, (510) 847-3467
Fax: (415) 358-5695

*Attorney for Plaintiffs*

Joint Stipulation re: Attorneys' Fees and Costs

1 **[PROPOSED] ORDER**

2    The Court hereby approves and orders each and every term of this Stipulation.  IT IS SO
3 ORDERED.
4 Dated: this __14th__ day of __April_____, 2017.

                          The Honorable Vince Chhabria
                          United States District Judge