UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFICANS FOR A SCENIC COAST, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, et al.,<br><br>    Defendants. | Case No. 15-cv-02090-VC<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 127 |

    The plaintiffs' motion for attorneys' fees and costs is granted to the extent described in this order.

    An award of attorneys' fees for hours the plaintiffs spent litigating their Endangered Species Act claims is appropriate. *See* 16 U.S.C. § 1540(g)(4) (permitting a fee award "whenever the court determines such award is appropriate"). Fees are appropriate not only for the hours spent litigating the procedural Endangered Species Act claims on which they prevailed but also for hours spent on the substantive Endangered Species Act claim, because the substantive claim "involve[s] a common core of facts" and is based on a related legal theory. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 835 F.3d 1048, 1060-61 (9th Cir. 2016) (citation omitted).

    The Court declines to award attorneys' fees associated with their unsuccessful National Environmental Policy Act (NEPA) and Department of Transportation Act (DOTA) claims. Although all the claims at issue in this case concerned the Highway 1 Project, the plaintiffs' claims under NEPA and DOTA focused primarily on different documents and agency analyses – namely, the Environmental Assessment and Section 4(f) findings – and were premised on

distinct statutory frameworks.  *See* Pls.' Mot. for Summ. J., Dkt. No. 99, at 11-20 (discussing alleged deficiencies in the Environmental Assessment), 20-22 (arguing that Caltrans violated NEPA by failing to prepare an Environmental Impact Statement), 23-25 (contesting the adequacy of Caltrans' DOTA section 4(f) analysis).  In light of the significantly different factual and legal features of the NEPA and DOTA claims, which were handled primarily by different attorneys than handled the ESA claims, the Court concludes that these unsuccessful claims do not involve a sufficiently overlapping factual or legal basis, and that it is appropriate to exclude the 248.35 hours expended solely on the NEPA and DOTA claims.  *See Ibrahim*, 835 F.3d at 1061; Decl. of Brian Gaffney, Ex. 1, Dkt. No. 139-1, at 247.  The Court will, however, include in its lodestar calculation the "General Litigation" hours the plaintiffs attribute to Caltrans, because the hours requested are adequately documented and reasonable, and they "cannot be severed cleanly from the whole."  *Ibrahim*, 835 F.3d at 1061.

      Putting aside the NEPA and DOTA hours, the Court concludes that the time spent on the litigation itself, including in opposing Caltrans' motion to dismiss, litigating the motion to supplement the record, moving for summary judgment, and conferring with co-counsel, was reasonable and has been adequately documented.  But the number of hours plaintiffs report expending on their fee motion is excessive.  The plaintiffs seek to bill Caltrans for nearly 400 hours relating to the fee motion and reply, with senior lawyers billing more than half of that time.  *See* Decl. of Dawn Edberg, Ex. 2, Dkt No. 135, at 13; Decl. of Patricia Weisselberg, Ex. A, Dkt. No. 136-1, at 74; Decl. of Brian Gaffney, Ex. 2, Dkt. No. 139-2, at 35; Decl. of Christopher Sproul, Ex. 36, Dkt. No. 141-36, at 80; Reply Decl. of Brian Gaffney, Ex. 1, Dkt. No. 149-1, at 19 (seeking compensation for 188.13 additional hours spent on the reply in support of the plaintiffs' fee motion).  The plaintiffs' filings demonstrate that they are experienced environmental litigators who regularly file fee motions, and the fee motion at issue raises no novel or complex legal issues.  Because the plaintiffs request compensation for a substantially inflated number of hours spent on this motion, the Court will cut in half each attorneys' time billed to preparation of the fee motion when calculating the amount of fees to which they are

entitled.  *See Public.Resource.org v. U.S. Internal Revenue Serv.*, No. 13-CV-02789-WHO, 2015 WL 9987018, at *8 (N.D. Cal. Nov. 20, 2015).

Regarding the rates requested by counsel, this Court has the discretion to use current rates, rather than historic rates, to adjust for inflation and the loss of use of the funds expended in litigation.  *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992).  The Court exercises this discretion here and will use a reasonable 2017 rate for plaintiffs' counsel to determine the lodestar amount.

The Court finds that, generally, the rates requested by plaintiffs' counsel are in line with those "prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)).  Caltrans does not dispute that the 2017 rates requested for Edberg, Langille, Weisselberg (both for work as a paralegal and as an attorney), and Whipps are reasonable.  *See* Decl. of Stacy Lau, Ex. D, Dkt. No. 147-5, at 2 (table of proposed reasonable fees using rates of $275, $545, $232, $575, and $250, respectively).  The Court agrees that the plaintiffs have provided sufficient evidence to support these rates.

The rates sought by Sproul, Gaffney, and Costa are somewhat higher than the rates they requested in other recent litigation.  *See Our Children's Earth Found. v. U.S. Envtl. Prot. Agency*, No. 13CV02857JSWKAW, 2016 WL 8839428, at *11 (N.D. Cal. Jan. 21, 2016), *report and recommendation adopted in relevant part*, No. 13-CV-02857-JSW, 2016 WL 1165214 (N.D. Cal. Mar. 25, 2016) (finding reasonable a rate of $655 per hour for work by Sproul in 2014-15 and $525 per hour for work by Costa in 2014-15); Decl. of Christopher Sproul, Ex. 32 (Pearl Decl.), Dkt. No. 141-32, at 6 (Gaffney requested $635 per hour for work in 2014); *but see* Decl. of Christopher Sproul, Dkt. No. 141, at 30; Exs. 43 & 44 (showing a requested 2016 rate of $775 per hour for Sproul in litigation resulting in consent judgments).  As to Sproul and Costa, the plaintiffs have submitted sufficient evidence showing that comparable rates are paid to lawyers of similar skill and experience in the Bay Area for work of similar complexity.  *See, e.g.*, Decl.

of Christopher Sproul, Ex. 32 (Pearl Decl.), Dkt. No. 141-32, at 11 (citing a 2013 California Public Records Act case finding reasonable a rate of $785 for an attorney with 31 years' experience); *id.* at 13 (citing a 2012 Northern District of California case finding reasonable a rate of $575 for a lawyer with 13 years' experience in a FOIA case); *id.* at 17-34 (showing rates for firms of various sizes with practices in California); Decl. of Daniel Cooper, Dkt. No. 131, at 6-8; Decl. of Sharon Duggan, Dkt. No. 132, at 3-4 (noting a 2017 rate of $750-875 for an environmental litigator with 35 years' experience); Decl. of Michael Lozeau at 4-8, Dkt. No. 133 (noting a 2017 market rate of $750 per hour for an environmental litigator with 28 years' experience); Decl. of Andrew Packard, Dkt. No. 134, at 4-5.

As to Gaffney's requested rate, however, the record is less supportive. Gaffney had 24 years of legal experience in 2017, and seeks to recover for his time at a rate of $765 per hour. *See* Decl. of Brian Gaffney, Dkt. No. 139. This rate is somewhat higher than is supported by the documentation submitted with this motion and the rates found reasonable in similar cases. *See, e.g.*, *Public.Resource.org*, 2015 WL 9987018, at *6-7; Sproul Decl., Ex. 9 (2015 rate of $645 per hour for an attorney with 26 years' experience was reasonable in a Northern District of California FOIA case). Indeed, the expert report of Richard Pearl on which plaintiffs heavily rely, which was prepared in 2015 for a case in which Gaffney was counsel, found reasonable a 2014 hourly rate of $635 per hour for Gaffney for work in the San Francisco Bay Area, after extended consideration of evidence relating to attorneys' fees. Dkt. No. 141-32, at 6-7. Using the annual rate of increase endorsed by plaintiffs' counsel, 3.2%, for the years between 2014 and 2017, Gaffney's annual rate would be $697.93. *See* Decl. of Brian Gaffney, Dkt. No. 139, at 10-11. The Court will round that to $700 and use it as Gaffney's 2017 rate in calculating the fees to which he is entitled, because it finds that this rate is more reasonable in light of rates "prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Hiken*, 836 F.3d at 1044.

In light of these findings, the following chart captures the fee amount to which plaintiffs' counsel is entitled. The total number of hours was calculated using all the hours reported as

"Caltrans ESA," all the time reported as "General Litigation Caltrans Only," all the time the plaintiffs attributed to Caltrans in the "ESA & APA" category, all the time the plaintiffs attributed to Caltrans in the "General Litigation" category, 50% of the time reportedly spent on "Fees Caltrans Only," and 50% of the time sought to be billed to Caltrans in the category "Fees Caltrans & FWS."  None of the hours spent exclusively on the plaintiffs' NEPA and DOTA claims is included.  The total number of hours requested has been adjusted in accordance with the plaintiffs' reply brief.  *See* Reply Br. at 6 & n.3.

| Name | General Litig. CT Only | Caltrans ESA | ESA & APA (50%) | General Litig. (50%) | Pre-Reply Fees CT Only (50%) | Pre-Reply Fees CT & FWS (25%) | Reply Fees (50%) | Total Hrs (Inc. Reply Brief Adjustments) | Rate | Total Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| Gaffney (paralegal) | 0 | 0 | 0.1 | 1.58 | 0 | 0.04 | 1.13 | 1.05 | $275 | $288.75 |
| Gaffney (attorney) | 63.00 | 2.60 | 16.58 | 105.96 | 23.7 | 19.65 | 41.90 | 268.89 | $700 | $188,223 |
| Sproul (paralegal) | 0 | 0 | 0 | 0.69 | 0 | 0 | 1.25 | 0.91 | $275 | $250.25 |
| Sproul (attorney) | 26.95 | 15.15 | 7.40 | 36.66 | 9.56 | 20.29 | 19.71 | 135.72 | $800 | $108,576 |
| Costa | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 2.00 | $580 | $1,160 |
| Edberg | 6.75 | 0 | 0.95 | 16.50 | 2.78 | 9.22 | 4.88 | 40.08 | $275 | $11,022 |
| Langille | 0 | 0 | 6.68 | 0 | 0 | 0 | 0 | 6.68 | $545 | $3,640.60 |
| Perry (paralegal) | 0 | 0 | 0 | 0.52 | 0 | 0 | 0 | 0.19 | $225 | $42.75 |
| Weisselberg (paralegal) | 2.53 | 0.83 | 1.33 | 4.34 | 0 | 0 | 0.37 | 6.67 | $232 | $1,547.44 |
| Weisselberg (attorney) | 5.22 | 125.21 | 87.60 | 85.08 | 3.02 | 13.11 | 24.85 | 344.09 | $575 | $197,851.75 |
| Whipps | 10.25 | 0 | 0 | 4.65 | 0 | 0 | 0 | 14.9 | $250 | $3,725 |
| | | | | | | | | | **TOTAL** | **$516,327.54** |

Accordingly, the Court will award plaintiffs' counsel $516,327.54 in attorneys' fees. Finding that the plaintiffs have adequately documented the costs expended during this litigation, the Court will also award $1,538.86 in costs.

**IT IS SO ORDERED.**

Dated: November 22, 2017

VINCE CHHABRIA
United States District Judge